

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~HXXXXXXXXXXXXXHERD~~
ATTORNEY GENERAL

Honorable Roy S. Loventhal, Chairman
Livestock Sanitary Commission
W. T. Waggoner Building
Fort Worth, Texas

Opinion No.O-2388-A
Re: Reconsideration of
Opinion No.O-2388

Dear Sir:

This department has received your request for a reconsideration or modification of Opinion No. O-2388. We set out below the applicable portion of your letter of original request.

"Will you please advise whether or not Section B under head of 'Salaries and Other Provisions', page 146 Senate Journal, House Bill 427, Acts of the Regular Session of the 46th Legislature, forbids cooperative agencies such as the Federal Government or County Commissioners' Courts of this State, supplementing the salary of a State paid employee.

"The Livestock Sanitary Commission of Texas has employees in the office of the Predatory Animal Division, Bureau of Biological Survey, United States Department of the Interior, in San Antonio, that are doing work identical to Federal employees in that office.

"The Federal employees compensation is somewhat larger, and the Government or other agencies referred to above agree to supplement the State paid employees salary in order that all those doing the same work in the same office will receive the same compensation."

Departmental Opinion No.O-2388 held as follows:

"This will acknowledge receipt of your request for an opinion on the question of whether or not certain employees of the Livestock Sanitary Commission of Texas working in

the office of the Predatory Animal Division,
Bureau of Biological Survey, United States
Department of the Interior, may have their
salaries supplemented either by the Federal
government or by the commissioners' courts.

"We assume for the purpose of this opinion
that the employees referred to are provided for
and their salaries fixed by the Departmental
Appropriation Bill of the 46th Legislature of
the State of Texas.

"The following pertinent provisions are
contained in Senate Bill 427, Acts of the 46th
Legislature:

"'The appropriations herein provided are
to be construed as the maximum sums to be ap-
propriated to and for the several purposes
named herein, and the amounts are intended to
cover and shall cover the entire cost of the
respective items and the same shall not be sup-
plemented from any other source; and, except
as otherwise provided, no other expenditures
shall be made, nor shall any other obligations
be incurred by any department of this State,
provided however that nothing herein shall
prevent any department head from paying less
than the maximum amount set forth herein for
any salaried position.

"'Limitation of Payments. Except as other-
wise provided, whenever, by virtue of the pro-
visions of this Act, items are to be paid out
of fees, receipts, special funds or out of
other funds available for use by a department,
it is the intention of the Legislature to
limit expenditures out of said fees, receipts,
special funds or other available funds to the
purposes and in the amounts itemized herein,
and it is so provided.

"'It is provided that any nurse employed
by the State Health Department not receiving
$125.00 per month under this Act may have her

salary supplemented from Federal funds in
the sum of $12.50 per month upon approval
of the proper Federal authorities.'

"The Legislature, in providing that the
salaries of nurses employed by the State
Health Department might be supplemented out
of Federal funds upon approval by the proper
Federal authorities, manifests a legislative
intent to prohibit the supplementing of the
salary of any other state employee.

"It is the opinion of this department
therefore that the salaries of the employees
involved in your inquiry cannot be supplemented,
either by the Federal government or the com-
missioners' courts of this State."

On September 19, we wrote you as follows:

"This department is in receipt of your
letter of September 12th wherein you request
a modification or reconsideration of the above
opinion.

"This has been assigned to the writer for
attention. For my information, please send me
a copy of the cooperative agreement entered into
pursuant to the statutory authority granted by
Acts 1929, 41st Legislature, First Called Session,
at p. 235. Also, I should appreciate knowing the
exact procedure whereby the Federal Government or
agency would make federal funds available and how
it would be disbursed."

In response to our inquiry, Mr. C. R. Landon, Dis-
trict Agent for the United States Department of the Interior,
advised us "that they (the two clerks) each have what is
known as Agent appointments under the United States Depart-
ment of the Interior. These appointments state the amount
of salary to be paid from Federal funds and the amount to
be paid from State funds. The total salary is based upon
the Federal salary rates for the type of work required of
these employees."

In the light of this information, it would seem
that the Federal Government pays the two clerks in con-
sideration for their services rendered pursuant to their

individual capacity as agents of the United States
Department of the Interior, and this being done
irrespective of the fact that they incidentally
occupy at the same time the position of State em-
ployees.

The money paid these clerks in their capacity
as a Federal agent springs from a source and travels
a channel separate and distinct from those funds appro-
priated by the State Legislature. These funds never
reach the State Treasury. The point of its origin and
disbursement is the United States Treasury. (See Report
of State Comptroller Re:Federal Funds.)

Senate Bill No. 427, Acts of the 46th Legislature,
is the current Appropriation Bill. Certain portions of that
Act which are considered as applicable follow:

(1) "The appropriations herein provided
are to be construed as the maximum sums to be
appropriated to and for the several purposes
named herein, and the amounts are intended to
cover and shall cover the entire cost of the
respective items and the same shall not be
supplemented from any other source."

(2) "The proper officer or officers of
any State Departments, bureaus, or divisions
of Staae Agencies are hereby authorized to
make application for and accept any gifts,
grants, or allotments of funds from the United
States Government to be used on State coopera-
tive and other Federal projects and programs
in Texas. . . Any of such Federal Funds as
may be deposited in the State Treasury are
hereby appropriated to the specific purpose
authorized by the Federal Government." (Note:
The numerical classification of these sections
is ours).

Acts 1929, 41st Legislature, First Called Session,
p. 235, authorizes the Livestock Sanitary Commission of Texas
to enter into cooperative agreements with the United States

Department of the Interior to effect the control and eradication of predatory animals.

It is now submitted that the above quoted paragraphs of the Appropriation Bill do not apply to, and, therefore, cannot control the situation presented here.

It is to be noted that Section (1), supra, uses the phrase "The appropriations herein provided." This language gives rise to the supposition that the Legislature did not intend to deal with funds extraneous to those mentioned in and specifically dealt with in the Act. In Section (2), supra, the Legislature sought to appropriate "any . . . Federal Funds as may be deposited in the State Treasury." The Federal Funds used to supplement the clerks' salaries in the instant case never reach the State Treasury; therefore, they have not been appropriated by the Legislature. Consequently no provision of that Act could possibly be made applicable.

The Appropriation Bill and its provisions can exercise no influence over the funds under consideration by reason that they are completely foreign to its sphere of applicability. There is here a direct relationship between the Federal Government and certain of its agents. They perform their Federal duties for which they receive their Federal pay. There exists no intermediary period whereby the State could claim or establish jurisdiction for the purpose of directing the subsequent disbursement.

Article 16, Section 33, of the Texas Constitution provides:

"The accounting officer of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided that this restriction as to the drawing and paying of warrants upon the treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States."

The clerks are commissioned agents of the United States Department of the Interior, and, accordingly, hold Federal positions of "honor, trust, or profit" within the meaning of that phrase. None of the enumerated exemptions in the above quoted constitutional provision embraces this situation.

Therefore, under the given facts, our opinion is that no provision of the Appropriation Bill would prevent the State employee's salary from being supplemented by Federal Funds; but, Section 33, Article 16, supra, would prohibit them from receiving any salary or compensation for their services rendered the State so long as this Federal relationship continues.

Any portion of departmental opinion numbered O-2388 in conflict herewith is overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

By

GW:RS

Grundy Williams

APPROVED Oct. 22, 1940
Gerald C. Mann
Attorney General of Texas